## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| TERRENCE DOWDEL, EDDIE EVANS, and CHARLES SMITH on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SALLIE MAE, INC.; SLM Corporation d/b/a "SALLIE MAE"; and DOES 1 through 1,000, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS REPRESENTATION** <br><br> **JURY TRIAL REQUESTED** <br><br> **VIOLATION OF FLORIDA STATUTE §559.72** <br><br> **VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT STATUTE §501.201, et. seq.** <br><br> **VIOLATION OF THE FAIR CREDTI REPORTING ACT 15 U.S.C. § 1681(g)** <br><br> **VIOLATION OF SECTION 809 OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC §1692(g)** <br><br> **VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT §47 U.S.C. 227, et. seq.** <br><br> **RULE 1.220 OF THE FLORIDA RULES OF CIVIL PROCEDURE** |

## CLASS ACTION COMPLAINT

Plaintiffs TERRENCE DOWDEL, EDDIE EVANS and CHARLES SMITH (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, and sues the Defendant, SALLIE MAE, INC. (hereinafter "Defendant"), in accordance with Florida Rule of Civil Procedure 1.220 and alleges:

## I.    NATURE OF ACTION

1.     Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Sallie Mae, Inc. and its third-party debt collectors in assessing and collecting illegal liquidated damage penalties and/or unreasonable collections charges from its borrowers in connection with its private student loan programs, making continuous harassing phone calls to Plaintiffs' cellular, work and home phones without Plaintiffs' express consent, intentionally reporting adverse information to credit reporting agencies and on Plaintiffs' credit reports, while having actual knowledge that the information reported was not accurate in violation of Florida Statutes §559.72, §501.201, et. seq.; The Fair Credit Reporting Act; The Fair Debt Collection Practices Act; and The Telephone Consumer Protection Act.

## II.   PARTIES

2.     Plaintiff, TERRENCE DOWDEL is, and at all times mentioned herein was, an individual citizen of the State of Florida. He resides in Orlando, Orange County, Florida.

3.     Plaintiff, EDDIE EVANS is, and at all times mentioned herein was, an individual citizen of the State of Florida. He resides in Detroit, Wayne County, Michigan.

4.     Plaintiff, CHARLES SMITH is and at all times mentioned herein was, an individual citizen of the State of Florida.  He resides in Orlando, Orange County, Florida.

5.     Defendant is a Delaware corporation that maintains its headquarters at 2001 Edmund Halley Drive, Reston, Virginia and does business throughout the country, including in Orange County, Florida.

6.     The true identities of Does 1 through 1,000, and all of them, are unknown to Plaintiffs. Plaintiffs will amend this complaint to identify them when their identities are ascertained. On information and belief, each of Does 1 through 1,000 is or at relevant times was the partner, general partner, agent, employee, officer, director, controlling shareholder, principal,

2

corporate parent, corporate subsidiary, affiliate, co-conspirator, joint or co-venturer of one or more of the Defendants or the lender, holder, assignor, assignee, and/or collector of a Plaintiff or Class member's student loan and is responsible for the wrongdoing alleged herein by virtue of having authorized, ratified, consented to, perpetrated, participated in, or aided and abetted that wrongdoing.

### III.   JURISDICTION AND VENUE

7.   Venue is proper pursuant to Florida Statute §47.011 and §47.051.

8.   This is a class action for damages and the amount in controversy exceeds $15,000.00.

### IV.   CLASS REPRESENTATION ALLEGATIONS

9.   Sallie Mae originates and acquires both federally guaranteed loans, which are administered by the U.S. Department of Education, and private student loans that are not federally guaranteed. Private student loans often fund the shortfall between available federal funds, which have statutory limits on annual and total borrowing, and students' actual costs of education.

10.   In recent years, Sallie Mae has offered students and their co-signers various types of private (non-federally guaranteed) student loans (all jointly hereinafter, "Sallie Mae Private Loans") including, amongst others, so-called Signature Student Loans, Smart Option Student Loans, and Career Training Loans.

11.   Sallie Mae's sales force marketed Sallie Mae Private Loans to schools, which in turn directed their students to Sallie Mae Private Loans.

12.   Sallie Mae itself serves as the lender (the entity that initially extends credit to the borrower(s)) in connection with some of the Sallie Mae Private Loans, but, at least historically, a large percentage of Sallie Mae Private Loans have been issued by third-party lenders. In these

3

situations where Sallie Mae is not itself the lender, Sallie Mae arranges the lender and the terms of the loan for the borrower. Sallie Mae purchases the loans from the lender at some point after they are disbursed.

13.     Sallie Mae services all of the Sallie Mae Private Loans, whether or not it is the lender. In this capacity, Sallie Mae performs a number of services, including, inter alia, processing loan payments, calculating and reporting account balances, and providing a website and call center for borrowers to access their loan information and make payments.

14.     To obtain a Sallie Mae Private Loan, borrowers must sign a Sallie Mae Private Loan Promissory Note (a "Promissory Note" or "Note"). Many of these Notes are co-signed by additional borrowers as co-makers or guarantors.

15.     The Promissory Notes are standardized contracts of adhesion that are presented to borrowers on a take it or leave it basis with no opportunity to negotiate their terms. Plaintiffs are informed and believe that each Promissory Note contains the following or a similar provision governing collection costs:

> [Borrower] agree[s] to pay [holder] reasonable amounts permitted by law, including attorneys' fees and court costs, which [holder] incurs in enforcing the terms of this Note, if [borrower is] in default.

16.     Plaintiffs are further informed and believe that pursuant to the terms of the Promissory Notes, if the borrower fails to make any monthly payment to the lender when due, the loan goes into default and becomes due and payable in full.

17.     Plaintiffs bring this action on behalf of themselves and as a representative of a class pursuant to the provisions of Florida Rule of Civil Procedure 1.220. Plaintiffs seeks class certification under subsection (b) (2) and, alternatively, (b) (3) of Rule 1.220. Plaintiffs claims arise from the same events, practices, or course of conduct by Sallie Mae, which give rise to the claims of the class. Plaintiffs claims are based upon the same legal theories as those of the class.

4

There are questions of law and fact common to all members of the class.   Plaintiffs' claims are typical of the class claims in that Plaintiffs and the class members were damaged by Defendants' same wrongful conduct and the relief sought is common to the entire class.

18.     Sallie Mae has acted on grounds applicable to all the members of the class. Accordingly, this action is maintainable under subsection (b) (2) of Rule 1.220. Moreover, class representation is superior to other available methods for the efficient adjudication of this controversy in that (a) there are no other suits known to be pending against the Defendants with the same allegations, which would indicate a desire by class members to control the litigation, (b) the instant forum is a desirable forum for concentrating this litigation because a Plaintiff resides in Orange County and the cause of action arose before this Court's jurisdiction, and (c) there will be no problem managing the case given that the Defendants' practices and the relief sought are subject to generalized proof by virtue of their being uniform. Accordingly, this action is maintainable under subsection (b) (3) of Rule 1.220. These common questions of law and fact are common to the class and predominate over any other questions affecting only individual class members.

19.     The proposed class that Plaintiffs sees to represent consists of all persons affected by Sallie Mae's actions leading up to and including the violations of Florida Statutes §559.72, §501.201, et. seq.; The Fair Credit Reporting Act; The Fair Debt Collection Practices Act; and The Telephone Consumer Protection Act during the applicable limitations periods.

20.     The class is estimated to consist of more than 400 persons.

21.     Plaintiffs will fairly and adequately protect and represent the interests of each member of the class in that he has no conflicts with the class and has retained counsel experienced in the prosecution of complex litigation.

## V.   FACTS RELATING TO REPRESENATTIVE PLAINTIFF TERRENCE DOWDEL

22.     At all times relevant, Plaintiff Dowdel was an individual residing in the State of Florida.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

23.     Beginning in or around 1999 when Plaintiff Dowdel started law school, Plaintiff Dowdel took out a number of loans with Sallie Mae to cover the cost of his schooling.  Some which were private signature loans.

24.     On or about July 2010 and continuing to the present, Plaintiff made and continues to make payments for the signature loan in accordance with the instructions provided by Sallie Mae and pursuant to the promissory note executed by Plaintiff.

25.     On numerous occasions, Sallie Mae intentionally accepted Plaintiffs payments on the signature loan and applied them to Plaintiffs subsidized loans, which are in and have been in either forbearance or deferment.

26.     Despite accepting Plaintiff's signature loan payments, Sallie Mae has and continues to apply the signature loan payments made by Plaintiff to Plaintiff's subsidized loans while reporting that Plaintiff's signature loans are late and or delinquent and charging late fees and penalties.

27.     Plaintiff on numerous occasions has called Sallie Mae requesting correction of this error.  Sallie Mae continues on a monthly basis to purposely apply the signature loan payments in an effort to collect higher interest, late fees and penalties.

28.     Sallie Mae continues on a monthly basis to provide information to credit reporting agencies that Sallie Mae knows is not accurate and will adversely affect Plaintiff's credit rating. These actions are systematic and designed to harm, harass and unreasonably burden the Plaintiff.

## VI.     FACTS RELATING TO REPRESENATTIVE PLAINTIFF EDDIE EVANS

29.     At all times relevant, Plaintiff Evans was an individual residing in the State of Michigan. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

30.     Beginning in or around 1999 when Plaintiff Dowdel started law school, Plaintiff Dowdel took out a number of loans with Sallie Mae to cover the cost of his schooling. Some which were private signature loans

31.     Beginning in or around 1999, Plaintiff Evans co-signed for Plaintiff Dowdel's loans with Sallie Mae.

32.     On or about July 2010 and continuing to the present, Plaintiff made and continues to make payments for the signature loan in accordance with the instructions provided by Sallie Mae and pursuant to the promissory note executed by Plaintiff.

33.     On numerous occasions, Sallie Mae intentionally accepted Plaintiff's payments on the signature loan and applied them to Plaintiff's subsidized loans, which are in and have been in either forbearance or deferment.

34.     Despite accepting Plaintiff's signature loan payments, Sallie Mae has and continues to apply the signature loan payments made by Plaintiff to Plaintiff's subsidized loans while reporting that Plaintiff's signature loans are late and or delinquent and charging late fees and penalties.

35.     Plaintiff on numerous occasions has called Sallie Mae requesting correction of this error. Sallie Mae continues on a monthly basis to purposely apply the signature loan payments in an effort to collect higher interest, late fees and penalties.

36.     Sallie Mae continues on a monthly basis to provide information to credit reporting agencies that Sallie Mae knows is not accurate and will adversely affect Plaintiff's credit rating. These actions are systematic and designed to harm, harass and unreasonably burden the Plaintiff.

## VII.   FACTS RELATING TO REPRESENATTIVE PLAINTIFF CHARLES SMITH

37.     At all times relevant, Plaintiff Smith was an individual residing in the State of Florida.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

38,     Beginning in or around 1998 and again in 2004 when Plaintiff Smith started college and culinary school, Plaintiff Smith took out a number of loans with Sallie Mae to cover the cost of his schooling.  Some which were private signature loans.

39.     On or about July 2010 and continuing to the present, Plaintiff made and continues to make payments for the signature loan in accordance with the instructions provided by Sallie Mae and pursuant to the promissory note executed by Plaintiff.

40.     In Plaintiff's Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular, work or home telephone numbers. Plaintiff did not list a cellular, work or home phone numbers in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular, work or home phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

## COUNT 1 - VIOLATION OF FLORIDA STATUTE §559.72

41.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 above, as if fully restated herein.

42. Sallie Mae and its third party debt collectors willfully communicated with Plaintiffs and their family members with such frequency as can reasonably expected to harass and abuse Plaintiffs and their family members in violation of Florida Statutes § 559.72.

43. Plaintiffs and the class members have been substantially damaged because of Sallie Mae's acts and omissions.

**WHEREFORE**, Plaintiffs respectfully request judgments against Sallie Mae Inc., as follows:

a. A declaration that this action is a proper class action on behalf of the class as defined herein, and an order directing that reasonable notice of this action be given, at Sallie Mae's expense, to each member of the class;

b. An award to Plaintiffs and each member of the class of damages in accordance with applicable law;

c. An award to Plaintiffs and the class for the costs of this suit, including expert fees, interest where applicable, and reasonable attorney's fees, as provided by law.

d. An award for such other relief as this court deems just and proper.

### COUNT 2 - VIOLATION OF FLORIDA STATUTE §501.201

44. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 above, as if fully restated herein.

45. Sallie Mae consistently and systematically harassed Plaintiffs regarding delinquent student loan payments, when Sallie Mae knew that Plaintiffs were not delinquent and acting in a manner that caused substantial injury to Plaintiffs which is not reasonably avoidable by Plaintiffs in violation of Florida Statutes §501.201.

46. Plaintiffs and the class members have been substantially damaged because of Sallie Mae's acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request judgments against Sallie Mae Inc., as follows:

a.       A declaration that this action is a proper class action on behalf of the class as defined herein, and an order directing that reasonable notice of this action be given, at Sallie Mae's expense, to each member of the class;

b.       An award to Plaintiffs and each member of the class of damages in accordance with applicable law;

c.       An award to Plaintiffs and the class for the costs of this suit, including expert fees, interest where applicable, and reasonable attorney's fees, as provided by law.

e.       An award for such other relief as this court deems just and proper.

## COUNT 3 - VIOLATION OF THE FAIR CREDIT REPORTING ACT

47.       Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 above, as if fully restated herein

48.       Defendants accepted payments on private student loans in repayment status and applying them to deferred subsidized student loans in a non-repayment status and willfully reporting to consumer credit reporting agencies, Transunion, Equifax, and Experian that Plaintiffs were delinquent in paying student loan payments, when Defendant knew that Plaintiffs was not delinquent in violation of the Fair Credit Reporting Act 15 U.S.C. § 1681(g) (herein after referred to as the "FCRA").

49.       Plaintiffs and the class members have been substantially damaged because of Sallie Mae's acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request judgments against Sallie Mae Inc., as follows:

a.    A declaration that this action is a proper class action on behalf of the class as defined herein, and an order directing that reasonable notice of this action be given, at Sallie Mae's expense, to each member of the class;

b.    An award to Plaintiffs and each member of the class of damages in accordance with applicable law;

c.    An award to Plaintiffs and the class for the costs of this suit, including expert fees, interest where applicable, and reasonable attorney's fees, as provided by law.

d.    An award for such other relief as this court deems just and proper.

## COUNT 4 - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

50.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 above, as if fully restated herein.

51.    Defendants consistently and systematically harassed Plaintiffs regarding delinquent student loan payments, when Defendants knew that Plaintiffs were not delinquent and acting in a manner that caused substantial injury to Plaintiffs which is not reasonably avoidable by Plaintiffs in violation of the Fair Debt Collection Practices Act 15 USC §1692(g) (herein after referred to as "FDCPA").

52.    Plaintiffs and the class members have been substantially damaged because of Sallie Mae's acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request judgments against Sallie Mae Inc., as follows:

a.    A declaration that this action is a proper class action on behalf of the class as defined herein, and an order directing that reasonable notice of this action be given, at Sallie Mae's expense, to each member of the class;

b. An award to Plaintiffs and each member of the class of damages in accordance with applicable law;

c. An award to Plaintiffs and the class for the costs of this suit, including expert fees, interest where applicable, and reasonable attorney's fees, as provided by law.

d. An award for such other relief as this court deems just and proper.

## COUNT 5 - VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 above, as if fully restated herein.

54. In Plaintiffs Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular, work or home telephone numbers. Plaintiffs did not list a cellular, work or home phone numbers in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular, work or home phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

55. Sallie Mae is, and at all times mentioned herein was, a corporation and a 'person', as defined by 47 U.S.C. §153(10).

56. Notwithstanding the fact Plaintiffs did not provide Sallie Mae with his cellular, work or home phone numbers at any time during the transaction that resulted in the debt owed to Sallie Mae, Sallie Mae repeatedly contacted Plaintiffs on Plaintiffs' cellular, work and home telephones. Plaintiffs received repeated, harassing calls at all hours and often received telephone calls within one hour of each other. Because these calls were prerecorded, Plaintiffs had no ability to request that the calls end or to voice his complaints to a real person.

57. All telephone contact by Sallie Mae to Plaintiffs on their cellular, work and home telephones occurred via an "automatic telephone dialing system" as defined by 47 U.S.C. §

227(a) (I), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

58.     The telephone calls placed by Sallie Mae to Plaintiffs cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227 (b) (I) (A).

59.     Several of the telephone numbers that Sallie Mae used to contact Plaintiffs, with a prerecorded voice made by an automatic telephone dialing system were assigned to a cellular telephone service as specified in 47 U.S.C.§ 227(b)(I)(A)(iii).

60.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b) (I) (A) (i). 'During the transaction that resulted in the debt owed;' Plaintiffs did not provide a wireless, work or home number to Sallie Mae nor otherwise provide express consent to receive prerecorded calls by Sallie Mae on Plaintiffs' cellular, work or home telephones.

61.     Plaintiffs did not own his current cellular, work or home telephones at the time he took out his loans.  He therefore could not have given Sallie Mae express consent at that time to contact him on those cellular, work or home phones via an automatic telephone dialing system.

62.     Plaintiffs did not provide 'express consent' allowing Sallie Mae to place telephone calls to Plaintiffs' cellular, work or home phones utilizing an "artificial or prerecorded voice" or placed by an automatic telephone dialing system within the meaning of 47 U.S.C.§227(b)(I)(A).

63.     Sallie Mae did not make telephone calls to Plaintiffs' cellular phone "for emergency purposes" utilizing an artificial or prerecorded voice or placed by an automatic telephone dialing system as described in 47 U.S.C.§227(b)(I )(A).

64.     Sallie Mae's telephone calls to Plaintiffs' cellular, work and home phones utilizing an artificial or prerecorded voice or placed by an automatic telephone dialing system for

13

non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C.§227(b)(I)(A).

65.   Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on Sallie Mae to demonstrate that Plaintiffs provided express consent within the meaning of the statute.

66.   Defendants negligently, knowingly, and/or willfully contacted Plaintiffs and Plaintiffs' family members without prior express consent as defined by the Telephone Consumer Protection Act (herein after referred to as "TCPA") 47 U.S.C. §227, et. seq., on their cell phone, house phone and office phone using pre-recorded and/or automated phone on multiple occasions daily in violation of the TCPA.

67.   Plaintiffs and the class members have been substantially damaged because of Sallie Mae's acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request judgments against Sallie Mae Inc., as follows:

a.   A declaration that this action is a proper class action on behalf of the class as defined herein, and an order directing that reasonable notice of this action be given, at Sallie Mae's expense, to each member of the class;

b.   An award to Plaintiffs and each member of the class of damages in accordance with applicable law;

c.   An award to Plaintiffs and the class for the costs of this suit, including expert fees, interest where applicable, and reasonable attorney's fees, as provided by law.

d.   An award for such other relief as this court deems just and proper.

## JURY DEMAND

The Plaintiffs demand trial by jury on all issues so triable.

WILKINS | VON MERTZ

/s/ Jeffery M. Wilkins
Jeffery M. Wilkins, Esq.
Florida Bar No. 0559911
Primary Email: JWilkins@wvmlegal.com
Melanie A. Mucario, Esq.
Florida Bar No. 0549711
Primary Email: MMucario@wvmlegal.com
135 North Grove Street
Merritt Island, Florida 32953
Tel: (321) 747-0062
Fax: (321) 396-7828
Secondary Email: BRowand@wvmlegal.com
Attorneys for Plaintiffs

15